COMMONWEALTH vs. ANDREW MURPHY.
COMMONWEALTH vs. DENNIS RYAN.

Under the St. of 1855, c. 215, keeping intoxicating liquors with intent to sell can be pun-
ished only on complaint to a justice of the peace or police court, as provided by § 24.

INDICTMENTS for keeping intoxicating liquors with intent to
sell the same within the Commonwealth, not being authorized
under St. 1855, c. 215, or by any legal authority whatever,
against the peace, and contrary to the force of the statute. The
defendants, being convicted in the court of common pleas in
Hampshire, each moved in arrest of judgment, upon various
grounds, one of which was that that court had no jurisdiction.

W. Allen, Jr., for Murphy.

G. M. Stearns, for Ryan.

S. H. Phillips, (Attorney General,) for the Commonwealth.
By section 3 of the St. of 1855, c. 215, it is made " unlawful
and criminal for any person to own, possess or keep any spirit-
uous or intoxicating liquor, with intent to sell the same in this
commonwealth." By the Rev. Sts. c. 133, § 14, all fines and
forfeitures imposed as a punishment may be recovered by in-
dictment in the court of common pleas, or, in some cases, by
complaint before a justice of the peace. The jurisdiction con-
ferred on justices of the peace by St. 1855, c. 215, § 24, is con-
current with that of the court of common pleas.

DEWEY, J. The offence charged upon the defendants by this
indictment is an offence created solely by the provisions of St.
1855, c. 215, § 24, and the mode of prosecution is also distinctly
pointed out by the same statute. Such being the case, that
mode alone must be pursued. Commonwealth v. Howes, 15
Pick. 231. Rex v. Robinson, 2 Bur. 799. Stephens v. Watson,
1 Salk. 45. The enactment of the statute is, that on conviction
before any justice of the peace, or any police court, having juris-
diction to try criminal offences, the party " shall be fined ten
dollars, and pay the costs of prosecution, and shall be impris-
oned twenty days in the house of correction." Jurisdiction

being thus directly given to the justices of the peace and the police courts, by the only statute making the act punishable, the jurisdiction does not exist in the court of common pleas to proceed against the party by indictment found in that court.

The offences made punishable by the fifteenth and seventeenth sections of this statute are in terms made the subject of proceeding by indictment in the court of common pleas.

Without expressing any opinion upon the other questions discussed at the argument of the present case, the court are of the opinion that the court of common pleas has not an original jurisdiction of the cases made punishable by § 24 of the *St.* of 1855, *c.* 215, and judgment must for this cause be arrested.

*Judgment arrested*